UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLLA THOMPSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE PARTNERSHIPS AND ) <br> UNINCORPORATED ASSOCIATIONS ) <br> IDENTIFIED ON SCHEDULE "A", ) <br> ) <br> Defendants. ) <br> ) | Case No. 25-cv-12713 <br><br> Hon. Steven C. Seeger |

**TEMPORARY RESTRAINING ORDER**

Nicholla Thompson ("Thompson" or "Nicholla Thompson") filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order including a Temporary Injunction, a Temporary Asset Restraint, Expedited Discovery, and Service of Process by Email and/or Electronic Publication (the "Motion") against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Thompson's Motion as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Thompson has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

1

shipping to the United States, including Illinois, and have sold products using infringing versions of Thompson' federally registered copyrights, which are protected by U.S. Copyright Registration No(s). VA 2-459-217 and VA 2-459-275 (the "Thompson Works") to residents of Illinois. In this case, Thompson has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Thompson Works. *See* Docket No. 8, which includes screenshot evidence confirming that each Defendant Internet Store does stand ready, willing to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Thompson Works.

    This Court also finds, in the absence of adversarial presentation, that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Thompson has presented specific facts in the Declaration of Thompson in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, and attorneys be temporarily enjoined and restrained from:
   a. using the Thompson Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Thompson product or not authorized by Thompson to be sold in connection with the Thompson Works;
   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Thompson product or any other product produced by Thompson, that is not

      Thompson' or not produced under the authorization, control, or supervision of Thompson and approved by Thompson for sale under the Thompson Works;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Thompson, or are sponsored by, approved by, or otherwise connected with Thompson; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Thompson, nor authorized by Thompson to be sold or offered for sale, and which bear any of Thompson' copyrights, including the Thompson Works, or any reproductions, infringing copies, or colorable imitations.

2. Thompson is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or

    participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Alibaba, Ali-Express, AliPay, Amazon, eBay, Etsy, Fruugo, DHGate, JoyBuym, Shein, TEMU, Wish, Walmart, PayPal, Stripe, Payoneer, etc. or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. The Court authorizes Thompson to serve third-party discovery on an expedited basis, with responses due not less than 10 days after service. The requests shall be proportional to the immediate needs of the case. *See* Fed. R. Civ. P. 26(b)(1). For example, a request for "documents sufficient to show X" is better than a request for "all documents showing X." Thompson shall consider what documents it genuinely needs at this early stage, and shall take into account the burden on third parties. Plaintiff shall work cooperatively with third parties impacted by this Order and make reasonable, good faith efforts to ease the burdens imposed by Thompson's request for expedited discovery.

4. Thompson may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Thompson and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "AMZHSUS and all other Defendants identified in the Complaint" that shall apply to all Defendants.

       The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

5. Thompson must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

6. Thompson shall deposit with the Court one thousand dollars ($1,000) per defendant, either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

8. This Temporary Restraining Order without notice is entered at 12:35 p.m. on this 5th day of January, 2026 and shall remain in effect for fourteen (14) calendar days. Any motion to extend this Order must be filed by January 19, 2026.

Date: January 5, 2026

                                                  Steven C. Seeger
                                                  United States District Judge

## Schedule A

| Doe | Store Name | Merchant ID |
|---|---|---|
| 1 | AMZHSUS | A17WNGNDK6KGZC |
| 2 | CrimsonCraftworks | A1NHS09S2IMOU3 |
| 3 | DZHSM | A122CXTM0WNBSP |
| 4 | EcoFresha | A2X7LTPYJ2VXUM |
| 5 | Geyiwanneng | A3OUKNIZ8F6OYP |
| 6 | Goodbye,ideal. | ATENC8NCLN5BE |
| 7 | JINGZILONG | A1VZ5AP6TV8ZA9 |
| 8 | JoyRideS | A19RPD6MI7M1IL |
| 9 | KAIZESHANGMAO | A2SGU415MKQ72H |
| 10 | lflzufu | A4VLOYOKNAEAF |
| 11 | mailiandianzi | A13BR4QOE9HQRX |
| 12 | nianyifafafa | A10IUPU2IYBUH5 |
| 13 | niuniandaji | A2ZBXP3L5HSGI9 |
| 14 | ShangHaiYingQiXinXiZiXunZhongXin | AAYSL2ITPFZWE |
| 15 | shuochangshangmao | A1TK6JMP347QV9 |
| 16 | skronedin | ASC8YQVWTMSIT |
| 17 | SNNS-CUSTOM | A1OAO5WNXNO7W5 |
| 18 | tongtieshang | A1Y0K2HH0BYRBO |
| 19 | xianmengjieshangmao | ATSUI7IQUL1VP |
| 20 | zedashang | AWB64MQLU5NNA |
| 21 | ZHPEFEI | A1L95F1T1A2G0N |
| 22 | cbvb8reg | cbvb8reg |
| 23 | gewindeer | gewindeer |
| 24 | luckyday68 | luckyday68 |
| 25 | yhojr888 | yhojr888 |
| 26 | zhe-7043 | zhe-7043 |
| 27 | yiq112 | yiq112 |
| 28 | agonya9 | agonya9 |
| 29 | Qiaozhenshangmao | 102768135 |
| 30 | Uhnauch | 102613020 |
| 31 | Protectivemethod.PE04-US | A7XGV8HMNWG10 |
| 32 | YUANTONGJUNSHANGMAO | A3QY62PZMIWQLR |
| 33 | Queather/7-15day to arrive storefront | A1Z37UHI1Q1DTO |
| 34 | congkafafafa | ACXY8BF0K0D7Q |
| 35 | WanAnXianXunYongJiaTingNongChang | ASTBOA4TTS1FK |
| 36 | YangRenZhu | A18IEWNP1XCVAJ |
| 37 | zhimeishang0603 | ABDWOUO7CECDI |

| 38 | youseesee | ATEJFGHEK19AL |
|---|---|---|
| 39 | Yanss | 102641532 |
| 40 | DIN-outstand | 102771456 |
| 41 | Mengtuo | 102755176 |
| 42 | LIANGSAISHANGMAO | 102813596 |
| 43 | SHIQIAN | 102777357 |
| 44 | wxs1999 | wxs1999 |
| 45 | zhengl007 | zhengl007 |
| 46 | tidewaye | tidewaye |
| 47 | haoyuanw | haoyuanw |